THE STATE, OTIS WOODRUFF ET AL., PROSECUTORS, v.
THE CITY OF ELIZABETH.

Notice must be given of the making of the final assessment, under Section 7 of the supplement to the city charter of Elizabeth, passed April 4th, 1873.

On *certiorari.* In matter of pavement of Rahway avenue.

Argued at June Term, 1876, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiffs, *T. D. Hodges* and *B. Williamson.*

For the defendants, *R. E. Chetwood* and *Cortlandt Parker.*

The opinion of the court was delivered by

VAN SYCKEL, J. The prosecutors prosecuted their writ to set aside the ordinance directing Rahway avenue, in the city of Elizabeth, to be paved, and also the assessment made for the cost of the work.

The ordinance having been passed November 13th, 1871, and the *certiorari* not sued out until January, 1876, it is too late, by the well-settled law of this court, to vacate the ordinance.

Sections 4, 5 and 6 of the supplement to the city charter, passed April 4th, 1873, (printed charter, *p.* 157,) provide for making a proportionate assessment, of which notice shall be given.

This proportionate assessment establishes the assessment district, the cost of the improvement and the proportion in which the assessment shall be laid upon the several land-owners. It was made October 11th, 1875; notice duly given that objections to it would be heard on the 21st of October, and it was reported to the city council for adoption October 26th, 1875.

On the 22d day of November, 1875, the proportionate assessment was approved by the city council, with directions to the commissioners of assessments to assess the entire cost of the work on the ascertained assessment district, in the proportion adopted by them, unless the cost exceeded the benefits, and in that event, to assess a sum equal to the benefits.

Under the seventh section of the supplement to the city charter, last cited, the commissioners made the final assess-

ment on the 26th of November, 1875, and it was ratified by council December 1st, 1875.

At the making of the final assessment, a matter of vital importance to the land-owners was, for the first time, to be passed upon; that is, whether the lands within the assessment district were benefited by the undertaking, to the full extent of its cost.

Of the making of this assessment, no notice was given. It is no sufficient answer to say that the charter does not require it; parties to be affected by such proceedings are entitled to notice, whether the statute directs it or not. *State, Wilkinson, pros.,* v. *Inhabitants of Trenton,* 7 *Vroom* 499.

No opportunity having been afforded to the prosecutors to be heard, the assessment must be set aside.